IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY LYNN GALES,

                Plaintiff,

      v.                          CASE NO.  09-3180-SAC

J. BYRON MEEKS,
et al.,

                Defendants.

### O R D E R

      This action was filed as a civil rights complaint, 42 U.S.C. § 1983, by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas.  Plaintiff has paid an initial partial filing fee as ordered by the court, and his motion to proceed without prepayment of fees shall be granted[1].

### MOTION TO RECUSE

      Plaintiff sent a letter to the clerk of the court, which the court directed the clerk to file as a Motion to Recuse the undersigned judge (Doc. 6).  As the basis for this motion, Mr.

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).  Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

Gales baldly alleges that the undersigned judge is "prejudice to hear (his) case and act without bias", and is the only judge to hear all state prisoner filings[2]. He complains regarding prior civil cases dismissed by this judge in which he was required to pay the filing fees. He asks for a different judge to preside over this case.

The court treats this as a Motion for Recusal pursuant to 28 U.S.C. §§ 144 and 455(a) and (b)(1). Plaintiff's allegations of prejudice and bias are clearly based upon his disagreement with this judge's rulings and case administration in prior cases. Such allegations are not appropriate grounds for recusal under Section 144. See Glass v. Pfeffer, 849 F.2d 1261, 1267-68 (10th Cir. 1988). Plaintiff also fails to show a proper basis for recusal under Sections 455(a) or (b)(1)[3]. In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995); United States v. Cooley, 1 F.3d 985, 993

---

[2] This is not grounds for recusal; however, it is also not true. While the undersigned judge is assigned to screen many prisoner cases, other judges in this district also hear cases filed by prisoners. In fact, plaintiff has an action at this time pending before another judge, and has even questioned in another letter to clerk filed herein (Doc. 7) why his two actions were assigned to different judges. Plaintiff is directed to file motions in his case, rather than send letters to the clerk, when he seeks action by the court.

[3] 28 U.S.C. § 455, "Disqualification of judge," provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and in other circumstances listed therein including conflicts of interest and "where the judge has a personal bias or prejudice concerning a party. . . ."

2

(10th Cir. 1993). The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. Nichols, 71 F.3d at 351; Cooley, 1 F.3d at 993. Under Section 455, factual allegations need not be taken as true. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). "Nor is the judge limited to those facts presented by the challenging party." Id. The statute is not intended to give litigants a veto power over sitting judges, or as a vehicle for obtaining a judge of their choice. Nichols, 71 F.3d at 351; Cooley, 1 F.3d at 993. "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." Hinman, 831 F.2d at 939. In Nichols, the Tenth Circuit listed seven frequently alleged bases for recusal that usually do not warrant it, including "prior rulings in the proceeding, or another proceeding, solely because they were adverse. . . ." Id., FN6. The United States Supreme Court has instructed:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . In and of themselves ( i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky v. United States, 510 U.S. 540 (1994).

This judge's rulings in Gales' prior cases were not the product of partiality, bias or prejudice; and an objective, reasonable observer knowing all the relevant facts would not

perceive them as such. Bearing in mind that a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require," <u>Nichols</u>, 71 F.3d at 351, this court concludes it cannot grant plaintiff's motion.

**FACTUAL BACKGROUND AND CLAIMS**

Plaintiff sues persons involved in his state prosecution and convictions for murder and arson: Byron Meeks, retired state district court judge; Mark Frame, county attorney; and Tim O'Keefe, his appointed defense counsel. As ground one for this complaint, he claims that pretrial rulings by "court officials" regarding search warrants in his criminal case were "done without jurisdiction". As ground two, he claims the death certificate, apparently of the victim, was amended without due process. He seeks money damages "for liberty interest". He also seeks "to reapply for habeas corpus" under 28 U.S.C. § 2241. Plaintiff has also filed herein a "Motion for Habeas Corpus Proceeding in Case No. 2000-CR-85" (Doc. 3), and seeks immediate release. He claims 28 U.S.C. § 2254 is ineffective, and states he needs immediate release so he can proceed with this civil rights action against the named defendants.

**SCREENING**

Because Mr. Gales is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any

4

portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**HABEAS CLAIMS NOT COGNIZABLE UNDER § 1983**

The court finds that the claims upon which the complaint herein is based are clearly challenges to Mr. Gales' state court convictions. As plaintiff was specifically informed in a similar § 1983 complaint previously filed by him:

> To the extent plaintiff seeks his release based on alleged constitutional error in the state criminal proceeding, his exclusive remedy in the federal courts is a habeas petition filed under 28 U.S.C. 2254. Section 1983 is not a substitute for a habeas action. When a prisoner seeks to challenge the length or fact of his confinement, he must pursue his claim through a writ of habeas corpus, <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973).
>
> * * *
>
> To the extent plaintiff seeks damages, any such claim based on the allegations in the complaint is premature. The United Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See <u>Heck v. Humphrey</u>, 512 U.S. 477 486-87 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C.

5

> 1983.  See id.
>      Even if Heck could be satisfied, plaintiff's claim for damages from state court judges and a county prosecutor . . . is barred by the absolute immunity extended to these defendants. (Citations omitted).

Gales v. Meeks, et al., No. 05-3321 (D.Kan. Aug. 3, 2005).  In addition, plaintiff has previously been informed that no claim is stated under § 1983 for money damages against his former appointed counsel, because a criminal trial defense attorney does not act "under color of state law."  The court concludes that plaintiff states no claim for money damages under § 1983.  See also 28 U.S.C. § 1915A(b)(1) & (2).

**HABEAS CORPUS NOT AVAILABLE UNDER § 1983**

Plaintiff expressly filed this as a § 1983 complaint, but also cites 28 U.S.C. § 2241[4], seeks release and moves for "habeas corpus proceedings", and, as noted, the claims he raises are clearly in the nature of habeas challenges to his state convictions.  He has been informed in the above cited case and others that he cannot challenge his state court convictions and obtain release from imprisonment in a § 1983 complaint, and that his exclusive remedy is a § 2254 petition.  He alleges no facts to support his conclusory statement that § 2254 is an ineffective remedy.

---

[4] Gales has also recently filed a separate § 2241 petition based on the same claims.  See Gales v. Kline, Case No. 09-3189-RDR.  The Tenth Circuit has ruled that § 2241 is used to challenge the execution of a sentence, and § 2254 must be used to challenge state convictions.

6

The court can either dismiss this action for failure to state a claim under § 1983, or treat it as a § 2254 petition, and dismiss it for other reasons. The court declines to recharacterize this action as a § 2254 petition, despite its habeas character, finding plaintiff expressly filed this § 1983 complaint as a ploy to avoid the statutory restrictions on § 2254 petitions. Court records show Mr. Gales has filed a prior § 2254 petition in this court challenging his state convictions, which was denied as time-barred pursuant to the federal statute of limitations. See Gales v. Morrison, 2008 WL 1925067 (D.Kan. May 1, 2008, unpublished), appeal dismissed, No. 08-3124 (10th Cir., July 1, 2008, unpublished). If this action were recharacterized as a § 2254 proceeding, this court would find itself without jurisdiction to consider Mr. Gales' habeas claims, because he has not obtained prior authorization from the Tenth Circuit Court of Appeals for filing a second and successive habeas corpus petition. Furthermore, this court would decline to transfer this action to the Circuit for preauthorization because Mr. Gales' federal court challenges to his state convictions underlying his current confinement are time-barred.

The court concludes that plaintiff's claims for money damages must be dismissed as barred by Heck and for failure to state a claim against the named defendants; and that plaintiff's § 2254 claims are not properly raised in this civil rights complaint.

**PRIOR OCCASIONS UNDER 28 U.S.C. § 1915(g)**

Finally, the court finds that this action, if it is dismissed for the reasons stated herein[5], should count as a "prior occasion" or "strike" against Mr. Gales under 28 U.S.C. § 1915(g)[6]. In addition, the court finds that Gales v. Gatterman, Case No. 06-3330 (D.Kan. Jan. 3, 2007, unpublished)(Summary dismissal pursuant to 28 U.S.C. § 1915A(b) because two defendants immune from suit for money damages and no state action as to third defendant), also counts as a prior occasion.  Section 1915(g) "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals," unless there is a showing of imminent danger. Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 778 (10th Cir. 1999)(citing White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998), cert. denied, 526 U.S. 1008 (1999)).  "It does not prevent prisoners with three strikes from filing civil actions; it merely prohibits them the privilege of in forma pauperis status." Id. (citing White, 157 F.3d at 1233).  Habeas corpus petitions, including the two previously filed by Mr. Gales, generally do not

---

[5] It must also not be overturned on appeal.

[6] "28 U.S.C. § 1915(g), the "three strikes" provision of the in forma pauperis statute, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

count as strikes.  <u>Jennings</u>, 175 F.3d at 779.  A habeas petition containing both habeas corpus and civil rights claims, which are dismissed as frivolous under § 1915(e) may count as strike.  <u>Id</u>. at 779 FN2.  The court can perceive of no reason why a complaint dismissed for failure to state a cognizable claim should not count as a strike simply because it improperly contains habeas claims.

Plaintiff is hereby given time to show cause why this action should not be dismissed for the reasons stated herein.  Within the same time period, he is also required to state any objections he may have to this court's designation of this case and Case No. 06-3330, previously cited herein, as "prior occasions" under § 1915(g).  If plaintiff does not comply with this order in the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to show cause why this action should not be dismissed for the reasons stated herein, and to state any objection he may have to this court's designation of two of his civil cases as "prior occasions".

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted, plaintiff is assessed the full filing fee of $350.00 herein, and he is required to pay the remainder of the fee through payments deducted from his inmate account.

**IT IS FURTHER ORDERED** that petitioner's Motion for Habeas

9

Corpus Proceedings (Doc. 3) and Motion for Recusal (Doc. 6) are denied.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2009, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

10